**Greg WASSON, Plaintiff—Appellant,**

v.

**Kate BROWN,\* Defendant—Appellee.**

No. 07–35694.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 18, 2009.\*\*

Filed March 5, 2009.

Greg Wasson, Salem, OR, pro se.

Karla H. Alderman, Esquire, Richard D. Wasserman, Esquire, AGOR–Office of the Oregon Attorney General, Salem, OR, for Defendant–Appellee.

---

\* Kate Brown is substituted for her predecessor, Bill Bradbury, as Oregon's Secretary of State. *See* Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

### MEMORANDUM \*\*\*\*

Former attorney Greg Wasson appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action challenging the constitutionality of an Oregon election statute. We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether a party lacks standing. *Fleck & Assoc., Inc. v. City of Phoenix,* 471 F.3d 1100, 1103 (9th Cir.2006). We affirm the district court's determination that Wasson lacked standing, but vacate in part and remand with instructions to dismiss without prejudice his claim that he was impermissibly restricted from participating in the independent candidate nominating process.

The district court properly determined that Wasson lacked standing to challenge Or.Rev.Stat. § 254.069 because he did not allege a "present or immediate injury in fact." *Bd. of Natural Res. v. Brown,* 992 F.2d 937, 945 (9th Cir.1993). Construed liberally, he only alleged that, given the right set of circumstances, he may wish both to vote in a party's primary election and either to sign a certificate of nomination or to participate in an assembly of electors for an independent candidate in the same election cycle. *See Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 479, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) (A plaintiff must have "a 'specific live grievance' against the application of the statutes ... and not just an 'abstract disagreement' over the constitutionality of such application.") (citations omitted).

Because Wasson lacked standing, the district court lacked subject matter jurisdiction to address the merits of his claim and should have dismissed it without prejudice. *See Fleck & Assoc.,* 471 F.3d at 1102 ("Because [the plaintiff] lacked standing ... the district court lacked subject matter jurisdiction and should have dismissed the complaint on that ground alone."). We therefore vacate in part the district court's order and remand with instructions to dismiss Wasson's claim challenging Or.Rev.Stat. § 254.069 without prejudice. *See id.*

We deny the motion submitted by *Amici Curiae* Coalition for Free and Open Elections and Civic Education League to file a brief.

Wasson shall bear the parties' costs on appeal.

**AFFIRMED IN PART; VACATED IN PART; and REMANDED.**

---

\*\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

